# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**NATHANIEL L. FITZGERALD,**
**ADC # 84210**                                                                         **PLAINTIFF**

V.                              No. 1:10CV00060 JLH-BD

**NATHAN GRIFFIN,** *et al.*                                                          **DEFENDANTS**


## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**II.    Introduction:**

On July 30, 2010, Plaintiff filed his original complaint in this action under 42 U.S.C. § 1983.  (Docket entry #2)  Because Plaintiff included in his original complaint a number of unrelated claims, the Court ordered Plaintiff to file an amended complaint (#3), and on August 17, 2010, Plaintiff complied. (#6)  The amended complaint fails to state a claim for relief under 42 U.S.C. § 1983.[1]  Accordingly, the Court recommends that Plaintiff's case be dismissed.

**III.   Discussion:**

   A.   Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or laws of the United States.  42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must contain sufficient facts to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

"Though pro se complaints are to be construed liberally, see *Estelle v. Gamble*,

---

[1] In his amended complaint, Plaintiff requests that the Court appoint counsel and hold an emergency hearing in this matter.  This request should be denied as moot.

429 U.S. 97, 106, 97 S.Ct. 285(1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

B.  Defendant Cantrell

Here, Plaintiff alleges that Defendant Cantrell retaliated against him by issuing him a disciplinary after Plaintiff filed a grievance against Defendant Cantrell and threatened him. Plaintiff is correct that "[a]n inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights." *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). See also *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (filing a false disciplinary charge against an inmate is actionable under § 1983 if done in retaliation for inmate's having filed grievances, under established procedures, because such retaliation interferes with inmate's access to grievance procedure).

An inmate alleging that an individual has retaliated against him must prove that retaliation was the motivating factor for the adverse action. *Sisneros v. Nix*, 95 F.3d 749, 752 (8th Cir. 1996). Mere speculative or conclusory allegations are not enough to establish a retaliation claim. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam).

Furthermore, "if the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prison rules or regulations, then the

3

prisoner's claim that the discipline was retaliatory in nature must fail." *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).

Here, although Plaintiff complains that Defendant Cantrell retaliated against him, he also admits that he was convicted of the infraction charged following a disciplinary hearing.[2] He does not allege that Defendant Cantrell served as a disciplinary hearing officer during the hearing. Because Plaintiff was convicted of an actual rule violation and because Plaintiff's conclusory allegation is insufficient to establish a retaliation disciplinary claim, this claim fails.

---

[2] To the extent that Plaintiff claims that he was denied due process during his disciplinary hearing when his classification level was reduced and he was sentenced to thirty days in punitive isolation, this claim also fails. In order to state a due process claim, a prisoner must first allege "that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Because Plaintiff does not allege that Defendants deprived him of life or property, he must rely on the denial of a liberty interest to support his due process claim. *Id*. Unfortunately for Plaintiff, he has no liberty interest in classification and Plaintiff has failed to allege that he suffered any "atypical or significant hardship" during his assignment to punitive isolation. See *Sanders v. Norris*, 153 Fed. Appx. 403 (8th Cir. 2005) (unpublished per curiam) (holding that inmate does not have a constitutional right to a particular classification); *Hartsfield v. Dep't of Corr.*, 107 Fed. Appx. 695, 696 (8th Cir. 2003) (unpublished per curiam) (no liberty interest in particular classification *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (holding that thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Hemphill v. Delo*, Case No.95-3357, 1997 WL 581079 (8th Cir. Sept. 22, 1997) (unpublished decision) (finding that four days of lockdown, thirty days in punitive disciplinary segregation, and 290 days in administrative segregation was not an "atypical and significant hardship" under *Sandin*). Further, although Plaintiff claims that he ultimately was sentenced to 300 days of punitive isolation, he also states that, as a result of the disciplinary at issue, he was sentenced to only thirty days.

Finally, although Plaintiff alleges that Defendant Cantrell verbally threatened him, it is well-settled that cursing, verbal abuse, and threatening language do not amount to a constitutional violation.  See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) and *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992).  The complaints against Defendant Cantrell do not state a claim for relief.

C. Defendant Noell

In his amended complaint, Plaintiff alleges that Defendant Noell investigated the incident giving rise to Plaintiff's disciplinary.  Plaintiff fails, however, to attribute any intentional or unconstitutional conduct to Defendant Noell.  Accordingly, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1983, and his claim against Defendant Noell should be dismissed.[3]

C. Defendant Darland

Plaintiff alleges that on April 29, 2010, he arrived at the Grimes Unit and Defendant Darland refused to allow him to use the restroom.  Plaintiff claims that as a result of Defendant Darland's conduct, he could not control his bladder and that he has "been a victim of a racially motivated act."

---

[3] To the extent that Plaintiff claims that Defendant Noell issued Plaintiff a false disciplinary, this claim fails as well.  The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation.  See *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(citing *Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986)).

To the extent that Plaintiff claims that Defendant Darland violated the eighth amendment prohibition against cruel and unusual punishment, this claim fails. The Eighth Circuit Court of Appeals has specifically stated "the momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation." *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) (requiring inmates to urinate occasionally in their cells when officers were unavailable to take them to the restroom did not violate the Eighth Amendment) and *Whitted v. Lazerson*, 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (stating the alleged violation was not "objectively serious" where inmate was told that he had to wait a few minutes to go to the toilet and the inmate ultimately urinated on himself after waiting for an hour and a half)).

Further, Plaintiff has failed to state a claim for race discrimination. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974) (citation omitted). But, only deliberate discrimination is actionable under the Equal Protection Clause. *Personnel Administrator v. Feeney*, 442 U.S. 256, 99 S.Ct. 2282 (1979); *Washington v. Davis*, 426 U.S. 229, 239-48, 96 S.Ct. 2040 (1976). Thus, a claim of race discrimination under the Equal Protection Clause requires a showing of discriminatory intent or purposeful discrimination. *Washington*, 426 U.S. at 239-40;

*McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756 (1987). The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest. *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)).

Here, Plaintiff has failed to include any facts to support his discrimination claim. He has not alleged that Defendant Darland treated other inmates differently. As a result, Plaintiff has failed to state a claim for relief against Defendant Darland.

    D.    Defendant Welcher

In his amended complaint, Plaintiff also claims that Defendant Welcher wrote a false disciplinary against Plaintiff. Again, the issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. See *Sprouse v. Babcock*, *supra*. Plaintiff does not allege that Defendant Welcher issued Plaintiff a false disicplinary in retaliation for Plaintiff's exercising his constitutional rights. Accordingly, Plaintiff's claim against Defendant Welcher fails as well.

    E.    Defendants Griffin, Nance, Hobbs, Page, Maples

Plaintiff fails to attribute any intentional conduct to Defendants Griffin, Nance, Hobbs, Page, or Maples. He does not mention Defendant Griffin, Nance, or Maples in

his amended complaint.[4]  Because Plaintiff has failed to state how these Defendants violated his constitutional rights, his claims against them should be dismissed.

    F.    Deliberate Indifference

In his amended complaint, Plaintiff also mentions "medical negligence" and "indifference to [his] medical needs."  Plaintiff states that "they" have not provided Plaintiff any "psych meds" or a c-pap oxygen machine.  Plaintiff has failed to identify the individuals responsible for any alleged delay in treatment.  Further, Plaintiff fails to allege that he has sustained any injury as a result of any alleged delay in treatment.  See *Sherrer v. Stephens*, 50 F.3d 496, 497 (8th Cir. 1994) (delay in treatment claims require evidence that defendants ignored an acute or escalating situation or that the delays adversely affected the prognosis).  Accordingly, Plaintiff fails to state a claim for deliberate indifference to his medical needs.

---

[4] In his amended complaint, Plaintiff states that Defendant Cantrell gave the disciplinary at issue to Defendant Page who, in turn, gave it to Defendant Noell, and that Defendant Page told Plaintiff that he could "turn this lawsuit around and stop it." (#6 at p.4)  Plaintiff fails to attribute any actual unconstitutional conduct to Defendant Page.  Such verbal abuse falls short of stating a constitutional claim.  See *McDowell v. Jones*, *supra*.  On the first page of his amended complaint, Plaintiff states that he has "written letters to Director Ray Hobbs."  Again, Plaintiff fails to attribute any unconstitutional conduct to Defendant Hobbs.

## IV.     Conclusion

The Court recommends that Plaintiff's claims be dismissed without prejudice. The Court further recommends that the District Court certify than an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED this 31st day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE